AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG - 7 2026

ARTHUR JOHNSTON
BY          DEPUTY

| | |
|---|---|
| United States of America<br>v.<br><br>JAIRO SANCHEZ-VAZQUEZ<br>(see attached Affidavit as to aliases)<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

1:26-mj- 87-BWR

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 6, 2026_____ in the county of _____Harrison_____ in the
___Southern___ District of _MS, Southern Division_ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(1) | Unlawful Return to the United States by an Alien Deported or Removed After Conviction of a Felony |

This criminal complaint is based on these facts:

See Affidavit attached hereto and incorporated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph A. Ruggeri, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/7/2026                    _____
                                                    *Judge's signature*

City and state:          Gulfport, Mississippi              Bradley W. Rath, United States Magistrate Judge
                                                                                      *Printed name and title*

## AFFIDAVIT

STATE OF MISSISSIPPI              )
COUNTY OF HARRISON        :
SOUTHERN DISTRICT OF MISSISSIPPI)

I, Joseph A. Ruggeri, being first duly sworn, hereby depose and say that:

1. I am a Border Patrol Agent (BPA) of the United States Border Patrol (USBP), currently located at 10400 Larkin Smith Drive, Gulfport, Mississippi. I am a graduate of the U.S. Border Patrol Academy and have been an Agent in the Border Patrol since on or about February 7, 2008. I have approximately 18 years of experience as a law enforcement officer, all of those years as a BPA. As part of my official duties as a BPA, I am authorized and assigned to investigate violations of the immigration laws as well as other criminal statutes of the United States.

1. On or about August 6th, 2026, at approximately 10:00 a.m., a Border Patrol Agent (BPA) was conducting immigration operations when he identified a vehicle bearing a certain South Carolina license plate number in Harrison County. The BPA conducted records checks on the license plate which revealed that the registered owner is a suspected illegal alien to the United States.

3. The BPA initiated an immigration vehicle stop with emergency lights and siren, and the vehicle yielded in Harrison County, in the Southern Division of the Southern District of Mississippi. The BPA approached the vehicle wearing his service issued body armor, with USBP badge and law enforcement placard clearly visible. The BPA's official body-cam video unit was functioning during this encounter.

4. The BPA found that there were two occupants in the vehicle. The two vehicle occupants were questioned as to their citizenship, and both subjects admitted to being in the United States without documents to enter or remain legally. The two subjects were placed under arrest and transported to the Gulfport Border Patrol Station for processing using Department of Homeland Security (DHS) computerized database systems.

5. At the USBP Station, the passenger (and the defendant in this case) identified as Jairo Sanchez-Vazquez, a/k/a Sanchez Jairo; a/k/a Jairo Sanchez; a/k/a Jairo Sanchez Vasquez; a/k/a Jairo Vaquez-Sanchez; a/k/a Jairo Sanchez Vazquez; a/k/a Yairo Sanchez-Vasquez; a/k/a Jairo Vazquez, had his fingerprints scanned and matched by computer with his fingerprints in his prior immigration and criminal records. Based on computerized fingerprint analysis, as well as visual analysis of his prior immigration photographs, the subject's identity was confirmed to be Jairo Sanchez-Vazquez, a Mexican national who is illegally present in the United States. Additionally, Sanchez-Vazquez provided BPAs with an expired Mexican voter registration identification card and an expired Mexican passport book both bearing his photographic likeness and name.

6. Record checks revealed that Sanchez-Vazquez was initially ordered removed, on or about January 5, 2016, in the State of California, and, based on his order of removal, he physically was removed from the United States to his native country of Mexico, on or about January 6, 2016, through or near Calexico, California. Thereafter, Sanchez-Vasquez's order of removal was reinstated a total of three times, twice in or about 2023 and once in or about 2025. All three reinstatements resulted in his removal from the United States to Mexico.

7. Sanchez-Vazquez's order of removal, in or about 2025, resulted from his arrest in Cumberland County, NC for *Resisting Arrest, Driving While Under the Influence (DWI), and Hit and Run*. Sanchez-Vazquez was convicted of *DWI* and was sentenced to 30 days confinement. After the completion of his sentence, Sanchez-Vazquez was turned over to Immigration and Customs Enforcement custody where he was convicted of *8 USC 1326 (a)(1) Illegal Reentry into the United States* and sentenced to three months of time served. Additionally, Sanchez-Vazquez admitted to illegally entering the United States, on or about August 1, 2026, through or near El Paso, Texas. He notified BPAs that he's single and resides in South Carolina. He also notified BPAs that he has a child who resides with his mother in a separate household in South Carolina. Furthermore, Sanchez-Vazquez informed BPAs that he still has immediate family currently residing in Mexico.

7. Finally, official records revealed that Sanchez-Vazquez has not received consent or permission

to apply for readmission or to legally re-enter the United States, from either the U.S. Attorney General or from the Secretary of Homeland Security. Based on these facts, there is probable cause to believe that Defendant Jairo Sanchez-Vazquez knowingly and voluntarily reentered the United States unlawfully in violation of Title 8, United States Code, Section 1326(a) and (b)(1), Unlawful Re-entry by a Felon/Alien to the United States After Deportation or Removal.

_____

Joseph A. Ruggeri
Border Patrol Agent
United States Border Patrol

Sworn to and subscribed before me, on this, the ___7th___ day of August 2026.

_____

United States Magistrate Judge